Carla R. Walworth (CW-5401) JUDGE BATTS
Cynthia A. Curtin
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York
Telephone: 212-318-6000
Facsimile: 212-319-4090
carlawalworth@paulhastings.com
cynthiacurtin@paulhastings.com

11 CV 2233



RECEIVED MAR 31 2011 U.S.D.C. S.D. N.Y. COMPLETED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| CAPITAL ONE, NATIONAL ASSOCIATION, | Civil Action No. |
|---|---|
| Plaintiff, | |
| - against - | |
| WHITE ACRE EQUITIES, LLC and JACOB FRYDMAN | Complaint |
| Defendants. | |

## COMPLAINT

Capital One, National Association, by its attorneys Paul, Hastings, Janofsky & Walker LLP, hereby files its Complaint, and states as follows:

### INTRODUCTION

1. Plaintiff Capital One, National Association, ("Capital One" or "Bank") brings this action to recover approximately $341,558.06 owed to it by White Acre Equities, LLC ("White Acre") and Jacob Frydman (hereinafter referred to collectively as "Defendants"), under a certain Agreement (defined below), Letters of Credit and Guaranty (the "Agreements"). Under the Agreements, Defendants borrowed money and received other financial accommodations

from Capital One, and Defendants promised to pay certain amounts, including principal and interest, totaling $341,558.06, on the conditions set forth therein. In addition, in order to induce Capital One to extend or continue to extend credit or other financial accommodations to Defendants, Jacob Frydman executed a guaranty unconditionally guaranteeing Defendants' obligations under the Agreements. Defendants have defaulted on their obligations under the Agreements. Although Capital One promptly provided Defendants with a Demand Letter notifying Defendants' of their default, Defendants have not paid Capital One the outstanding balance owed. Therefore, Capital One brings this action for breach of contract, among other claims, in order to recover the debt owed to it by Defendants.

### Parties

2. Plaintiff Capital One is a national bank with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102. Capital One is a successor by merger to North Fork Bank ("North Fork"), which merged with and into Capital One, N.A. on or about August 1, 2007.

3. On information and belief, Defendant White Acre Equities, LLC ("White Acre") is a New York limited liability company with its principal place of business at 40 Fulton Street, Floor 6, New York, NY 10038. On information and belief, White Acre is a citizen of New York.

4. On information and belief, Defendant Jacob Frydman ("Frydman") is a New York resident, residing at 40 Fulton Street, Floor 6, New York, NY 10038.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because (i) complete diversity of citizenship exists between the parties; and (ii) the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District and the events at issue occurred in this venue. Thus venue is not inconvenient for the parties.

## Count 1
### (Breach of Contract Under the White Acre Letter of Credit, and White Acre Guarantee Against Defendants)

**A.   The White Acre Letter of Credit**

7. On or about October 3, 2006, pursuant to the Continuing Agreement for Irrevocable Standby Letters of Credit dated September 27, 2006 (the "Agreement") by and between North Fork and White Acre, for the benefit of The Interpublic Group of Companies Inc. ("Interpublic"), and under the October 3, 2006 Letter of Credit ("Letter of Credit"), North Fork agreed to make available to White Acre for the benefit of Interpublic a line of credit (the "Line of Credit") up the aggregate amount of $330,264.00. The Agreement and the Letter of Credit are attached hereto as Exhibits 1 and 2 respectively.

8. Pursuant to Paragraph 3 of the Agreement, entitled "Proper Drawing; Bank's Honoring", Capital One was authorized to accept and pay a Letter of Credit presented on or before the expiration date set forth in the Agreement. This Paragraph further provides that the Bank "may honor, as complying with the terms of the [Letter of] Credit and of the Application any Instrument or other document otherwise in order signed or issues by a person purporting to

3

be an administrator . . . or other legal representative of the party authorized under the [Letter of] Credit to draw or issue such Instrument or other document".

9. Pursuant to U.C.C. Section 5-108(a), "an issuer shall honor a presentation that . . . appears on its face strictly to comply with the terms and conditions of the letter of credit."

10. On April 19, 2010, Interpublic presented the Letter of Credit for payment in the amount of $330,264.00 to Capital One. All necessary documents to draw against the Letter of Credit were received by Capital One and payment was made on or about April 19, 2010 to Interpublic. The documents presented for payment are attached hereto as Exhibit 3.

11. Capital One's payment on the Letter of Credit was made in good faith and as such, pursuant to Paragraph 5(f) of the Agreement entitled "U.C.P., Agreements and Acknowledgements, Indemnification", White Acre has agreed that any such action "shall be binding on [White Acre] and shall not place the Bank or any of its correspondents under any liability to [White Acre]." Further, White Acre has agreed to hold the Bank and any of its correspondents harmless against any and all losses or damage howsoever arising from issuance of the Letter of Credit.

12. Pursuant to Paragraph 1 of the Agreement entitled "Reimbursement Obligation," White Acre was obligated to pay on demand the amount required to pay the Letter of Credit from the date of payment on the Letter of Credit until the date of reimbursement. Under the Agreement, this amount must be paid with interest.

13. Pursuant to U.C.C. Section 5-108(i)(1), "[a]n issuer that has honored a presentation as permitted or required by this article: is entitled to be reimbursed by the applicant in immediately available funds not later than the date of its payment of funds."

14. Pursuant to Paragraph 5(g) of the Agreement entitled "U.C.P., Agreements and Acknowledgements, Indemnification," "notice from the Bank's correspondent of payment, acceptance or other action under the Credit shall be conclusive evidence of Applicant's liability to reimburse the Bank" as provide in the Agreement. This notice was provided by letter dated April 20, 2010 (the "Notice Letter"). The Notice Letter is attached hereto as Exhibit 4.

15. Pursuant to Paragraph 2(a) of the Agreement entitled "Payment of Commission, Expenses, and Interest," White Acre is obligated to pay on demand the Bank's commission and all charges, costs and expenses paid or incurred by the Bank and the Bank's correspondents in connection with the Letter of Credit. The costs and expenses include, but are not limited to, any charges or allocations by counsel or the Bank's internal legal department "in connection with the preparation, performance or enforcement of this Agreement or the Credit." Interest payable on the amounts due under this Paragraph is calculated at "the lesser of (i) the maximum rate permissible under applicable law, or (ii) the Prime Rate, which shall mean the highest rate of interest from time to time published in The Wall Street Journal as the prime rate, plus 4% per annum."

16. Pursuant to Paragraph 2(b) of the Agreement entitled "Payment of Commission, Expenses, and Interest," White Acre is obligated to pay to Capital One such amounts determined by the Bank as "necessary to compensate it for any costs expenses, or loss of income attributable to its issuing . . . such Credit . . . or the reimbursement agreement with

5

respect thereto." Interest payable on the amounts due under this paragraph is calculated at "a twenty percent per annum rate of return on capital (after federal, state and local taxes)."

17. In order to induce the Bank from time to time, in its discretion, to extend or continue credit or other financial accommodations to White Acre, defendant Frydman executed and delivered to the Bank that certain Personal Guaranty of All Liability dated September 27, 2006 ("Frydman 2006 White Acre Guaranty"), which unconditionally guaranteed to plaintiff Bank the payment of obligations of White Acre to Capital One, of whatever nature, whether then existing or thereafter incurred, including without limitation, the obligations of White Acre under the Agreement and Letter of Credit. A copy of the Frydman 2006 White Acre Guaranty is attached hereto as Exhibit 5.

18. On January 14, 2011, in accordance with the terms and conditions of the Agreement, Capital One by letter made a demand for payment in full on White Acre and Frydman for the amount drawn on the Letter of Credit together with interest and all associated commissions, fees, attorney's fees, expenses, costs, and interest on them. The January 14, 2011 Demand Letter is attached hereto as Exhibit 6.

19. Pursuant to, and as required under, Paragraphs 1 and 2 of the Agreement entitled "Reimbursement Obligation" and "Payment of Commissions, Expenses, and Interest," White Acre has defaulted in its obligation to pay to Capital One the full amount of the unpaid principal drawn on the Letter of Credit together with interest and all associated commissions, fees, expenses, costs, and associated interest, which became due and payable on demand from Capital One.

20. Pursuant to Paragraph 7 of the Agreement entitled "Obligations Due and Payable," White Acre's failure to comply with the provisions of the Agreement constitutes an "Event of Default."

21. In accordance with Paragraph 7 of the Agreement entitled "Obligations Due and Payable," in the event of default any and all obligations and liabilities of White Acre also "shall become and be due and payable forthwith without notice or demand."

22. As of April 20, 2010, White Acre has defaulted and remains in default of its obligation to pay to Capital One all amounts drawn on the Letter of Credit and all interest and associated commissions, fees, expenses, and costs, which became due and payable upon demand from the Capital One, and remains in default of any claims related to the breach. *See* Exhibit 6.

**B.     Breach of the Agreement, Letter of Credit, and Frydman 2006 White Acre Guaranty**

23. To date, neither White Acre nor Frydman have paid the outstanding principal balance of the Agreement and Letter of Credit.

24. Defendants have breached the Agreement, Letter of Credit, and Frydman 2006 White Acre Guaranty for those reasons stated above, including but not limited to the failure to comply with the obligations under the Agreement to pay Capital One the full amount of the unpaid principal, interest and late fees in the amount of $341,558.06 together with interest and all associated commissions, fees, expenses, and costs, which became due and payable on demand from Capital One. A schedule showing the calculation of the amounts of principal, interest and late charges due as of March 29, 2011 under the Agreement and Letter of Credit is attached hereto as Exhibit 7.

25. Defendants' breach of contract has resulted in damages to Capital One in an amount to be determined at trial, which is far in excess of the jurisdictional amount of this Court.

26. Pursuant to Paragraph 14 of the Agreement entitled "Jurisdiction and Venue; Service of Process; Appointment of Agent; Waiver," White Acre is obligated to pay Capital One's reasonable attorney's fees whether at trial or appellate court or bankruptcy court for any such action between Capital One and White Acre or any claim by Capital One against White Acre.

27. Capital One has incurred and continues to incur costs and expenses, including fees and disbursements of in-house and outside counsel, in regards to enforcing the obligations under the Agreement.

## Count 2
### (Estoppel Against Defendants)

28. Capital One repeats and realleges each and every allegation as set forth above.

29. In entering into the transactions at issue, Capital One relied directly upon the express representations of Defendants with regard to the above noted Agreement, Letter of Credit, Frydman 2006 White Acre Guaranty and related documents (the "Agreements").

30. Defendants entered into the Agreements with full knowledge of Capital One's reliance upon their representations therein and, indeed, made such representations to induce Capital One to rely thereon.

31. Capital One has been injured as a direct and proximate result of Defendants' failure to honor the express representations in the Agreements.

32. Based upon the foregoing, Defendants are now estopped from disputing the representations and promises in the Agreements.

### Count 3
### (Unjust Enrichment and Quantum Meruit Against Defendants)

33. Capital One repeats and realleges each and every allegation as set forth above.

34. As a result of Defendants' conduct as set forth above, the Defendants have been unjustly enriched.

35. Capital One is entitled to recovery under the doctrines of quasi-contract, quantum meruit and unjust enrichment.

**WHEREFORE**, Plaintiff Capital One respectfully requests that this Court enter judgment in its favor and against the Defendants as follows:

(a) On the First Count, a judgment against Defendants in the amount to be determined at trial, including all damages sustained, rights and remedies available as provided under the Agreement, Letter of Credit, Frydman 2006 White Acre Guaranty, and related documents, reasonable costs and expenses incurred in this action, including counsel fees, and any other expenses, and all interest on the damages sustained as a result of the breach, on all commissions, costs, and expenses applicable under the Agreement, Letter of Credit, Frydman 2006 White Acre Guaranty, and related documents and on all counsel fees incurred in enforcing its rights as set forth therein;

(b) On the Second Count, a judgment against Defendants in the amount to be determined at trial, including all damages sustained, rights and remedies, reasonable costs and expenses incurred in this action, including counsel fees, and any other expenses;

(c) On the Third Count, a judgment against Defendants in the amount to be determined at trial, including all damages sustained, rights and remedies, reasonable costs and expenses incurred in this action, including counsel fees, and any other expenses;

(d) The costs and disbursements as taxed by the Clerk of the Court; and

     (e)  Awarding Capital One such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
March 31, 2011

Respectfully submitted,

*/s/ Carla R. Walworth*

Carla R. Walworth  (CW-5401)
Cynthia A. Curtin
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
75 East 55th Street
New York, New York
Telephone: 212-318-6000
Facsimile:  212-319-4090
carlawalworth@paulhastings.com
cynthiacurtin@paulhastings.com

ATTORNEYS FOR PLAINTIFF CAPITAL ONE, N.A.

LEGAL_US_E # 92289515.3